[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff, William Howard, nephew and executor of the estate of Hedwig Williams, has filed a complaint alleging that the defendant, Bonnie MacDonald: (1) exerted undue influence over the now deceased Hedwig Williams, (2) committed statutory theft pursuant to General Statutes § 52-564, (3) breached her fiduciary duty to the plaintiff, and (4) was unjustly enriched. The plaintiff seeks an accounting and the imposition of a constructive trust on any money wrongfully obtained from the deceased. The plaintiff also alleges in two counts that the defendant, Fairfield County Savings Bank (FCSB), was negligent in failing to investigate and prevent the alleged improper transaction and that those actions violated CUTPA.
The complaint alleges, in short, that Hedwig Williams, a 93-year-old woman whose financial affairs were administered through a power of attorney by the plaintiff, lived next to MacDonald for a number of years and that on two occasions MacDonald unlawfully succeeded in withdrawing funds from Hedwig Williams' account. The complaint further alleges that even though the plaintiff notified FCSB that he was administering his aunt's accounts, they failed to discover, investigate or prevent the unlawful transaction perpetrated by MacDonald.
The defendant FCSB moves to strike count eight of the plaintiffs revised complaint on the grounds that count eight "fails to set forth allegations with sufficient particularity to sustain a CUTPA claim," and that "allegations of negligence alone are insufficient to establish that the defendant FCSB violated CUTPA."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 588, 693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id., 580. The plaintiff is not required to expressly allege facts if they are necessarily implied. See Pamela B.CT Page 5142v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . ." (Internal quotation marks omitted.) HartfordElectric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 367-68,736 A.2d 824 (1999). "[A] violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. . . ." (Internal quotation marks omitted.) Willow Springs Condominium Assn., Inc. v.Seventh BRT Development Corp., 245 Conn. 1, 43,717 A.2d 77 (1998).
The plaintiff has not set forth facts in count eight sufficient to establish a violation of public policy. The plaintiff cites Hennesseyv. People's Bank, Superior Court, judicial district of New Haven at New Haven, Docket No. 334192 (September 26, 1994, Gray, J.), for the proposition that the public has a substantial interest in the strict regulation of its banking institutions. Although the plaintiff makes certain allegations regarding the conduct of FCSB, however, he fails to allege what public policy is violated and how FCSB's conduct violates it. The plaintiff alleges only that: "The bank's conduct offends public policy, is immoral, unethical, oppressive or unscrupulous, and causes substantial injury to consumers." Further, the plaintiffs memorandum states: "[I]t is clear that the factual allegations describe a regulated industry engaged in a course of conduct that, as alleged, offends public policy and is within the penumbra of established concepts of unfairness, as required by the first prong of the cigarette rule." These allegations amount to legal conclusions upon which a CUTPA claim cannot be based. See Brookes v.New Haven Savings Bank, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 544390 (January 28, 1997, Hennessey, J.); First National Bank of Chicago v. Davis, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147070 (April 30, 1996, Hickey, J.); Village Linc v.Children's Store, Superior Court, judicial district of New Haven at New Haven, Docket No. 012655 (October 7, 1993, Riddle, J.).
Because "[a]ll three criteria do not need to be satisfied to CT Page 5143 support a finding of unfairness"; (internal quotation marks omitted)Hartford Electric Supply Co. v. Allen-Bradley Co., supra,250 Conn. 368; satisfying the other two prongs of the cigarette rule is critical for the plaintiff FCSB argues that the second prong is not satisfied because it does not refer to specific conduct as immoral, unethical, oppressive or unscrupulous. It claims that, generally, negligent acts are not immoral, unethical, oppressive, or unscrupulous, citing Briere v. Waters, Superior Court, judicial district of Windham, Docket No. 052402 (March 21, 1996, Sferrazza,J.) (18 Conn.L.Rptr. 631). Construing the complaint favorably to the plaintiff, and viewing it as a whole, the conduct alleged is clear and specific. The plaintiff alleges that the conduct of the FCSB in its dealings with MacDonald and the deceased constitutes unfair trade practices. The plaintiff alleges that FCSB transferred the money with actual or constructive knowledge that it was violating the plaintiffs request made pursuant to the power of attorney. The conduct of FCSB as alleged is sufficient to meet the requirement of the cigarette rule that the alleged conduct be immoral, unethical, oppressive or unscrupulous.
There are three elements to the third, or substantial injury, prong of the cigarette rule. The injury must be substantial; the countervailing benefits to consumers or competition cannot outweigh the injury; and it must be an injury that the consumer could not reasonably have avoided. See Hartford Electric Supply Co. v.Allen-Bradley Co., supra, 250 Conn. 368. The plaintiff alleges that the deceased, Hedwig Williams, was a consumer who was substantially injured in the amount of $95,000 when FCSB transferred her money to MacDonald without proper authorization. These allegations satisfy the third element of the cigarette rule.
FCSB also contends that its actions cannot be unfair because its contractual relationship with the deceased required it to perform when Hedwig Williams requested her money, suggesting that its actions cannot be unfair because it was acceding to the request of the depositor. "[T]he subjective good faith of one who has in fact performed an unfair or deceptive act is not a defense to a CUTPA violation. . . ." Eamiello v. Liberty Mobile Home Sales, Inc.,208 Conn. 620, 654, 546 A.2d 805 (1988), appeal dismissed,489 U.S. 1002, 109 S.Ct. 1104, 103 L.Ed.2d 169 (1989). Despite FCSB's argument, the complaint alleges that MacDonald, and not the deceased, made the request. The allegation that FCSB violated the plaintiffs request with actual or constructive knowledge is sufficient to satisfy the cigarette rule and to support the claimed violation of CUTPA.
Finally, FCSB argues that negligence alone is insufficient to CT Page 5144 support a CUTPA claim. In support of that argument, FCSB cites Haynesv. Yale-New Haven Hospital, 243 Conn. 17, 699 A.2d 964 (1997). The trial court in Haynes granted summary judgment for the defendant because the CUTPA claim "was merely a negligence claim recast as a CUTPA claim and . . . it was, therefore, legally insufficient." Id., 32. The Haynes case, however, dealt with the malpractice of a health care provider. See id. The court ultimately concluded that CUTPA is not appropriate for cases of professional malpractice. See id., 34. Here, the plaintiff has not alleged malpractice. The Haynes court stated, furthermore, that it specifically was not deciding whether negligence without contributory negligence would support a CUTPA claim. See Id. Because Haynes does not hold that negligence cannot support a CUTPA claim, the court has, as it must, evaluated the allegations of this complaint under the cigarette rule.
The plaintiff has pleaded sufficient facts to satisfy the second and third prongs of the cigarette rule. Furthermore, the plaintiff has alleged that FCSB acted with actual or constructive knowledge when it disregarded his instructions made pursuant to the power of attorney. These allegations are sufficient to make out a cognizable claim under CUTPA, and, therefore, the motion to strike is denied.
D'ANDREA, J.